EPSTEIN et al. v. UNITED STATES FIDELITY & GUARANTY CO.

(City Court of New York, General Term.    June 29, 1899.)

1. ATTACHMENT—BOND—ACTION.
   An action on an attachment bond must be preceded by a demand for payment of the bond or the amount claimed to be actually due thereunder.
2. SAME—SERVICE OF NOTICE.
   Service on plaintiff of a notice of the order vacating the attachment is a condition precedent to a suit on the attachment bond.
3. SAME—AMOUNT OF RECOVERY.
   In an action on an attachment bond, the recovery is limited to the damage actually sustained.

Appeal from trial term.

Action by Jesse S. Epstein and another against the United States Fidelity & Guaranty Company.    From a judgment for plaintiffs, defendant appeals.    Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Dowe, Murray & Hartridge, for appellant.

Jesse S. Epstein, for respondents.

HASCALL, J.    This is an appeal from a judgment in favor of plaintiffs for the sum of $250, alleged damages upon vacating an attachment.    We find, upon careful reference to the record and testimony, good ground for disturbing the judgment below.

The action was prematurely brought, under Muller v. Earle, 37 N. Y. Super. Ct. 388, and Pach v. Gilbert, 124 N. Y. 620, 27 N. E. 391.

Additional ground for reversal will be found in the fact that no demand was made upon the company defendant for payment of its bond, or the amount claimed to be actually due thereunder, before beginning the action, and that no notice of the vacating order was served upon the plaintiff.    It is fundamental that a bondsman will not be held for obligations until they have been paid by one seeking indemnity, and properly demanded; and, in an action therefor upon an attachment bond, recovery can only be had of the damage actually sustained.    Groat v. Gillespie, 25 Wend. 383.

For these reasons, and without considering the exceptions taken to the impropriety of evidence admitted, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.